IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| David Wayne Bolin,<br><br>    Plaintiffs,<br><br>v.<br><br>State of Oklahoma,<br><br>    Defendant. | Case No.22-CIV-111-RAW |

**OPINION AND ORDER**

Before the court are the Plaintiff's Complaint [Docket No. 2] and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit [Docket No. 4]. Both documents appear to be photocopies of the same documents filed in this court in Case No. 22-CIV80-RAW.

Plaintiff's Motion to Proceed *In Forma Pauperis* states that he is a "homeless unemployed inmate." He notes "N/A" (not applicable) in response to all other financial questions, except to check the "No" box regarding real property. The form is signed but not notarized.

In this case, Plaintiff also includes a Motion to Restore and Compensate [Docket No. 5], which appears to be a recitation of the "treaty of 1833" and cases, including *McGirt*, along with a request for the restoration of rights to the tribal lands.

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

# Complaint

Plaintiff filed his against the State of Oklahoma stating as follows:

"The Treaty of 1833 between the U.S. and Western Cherokee gave my tribe 7 million acres which are currently and illegally possessed by the State of Oklahoma. Seeking restoration or rights and compensation of $32.5 billion."

The Plaintiff sets forth no statement of the nature of **his** claim, causes of action or basis for jurisdiction. There appears to be no arguable claim, nor set of facts which would constitute a claim in law or fact of Plaintiff against the Defendants.

# 28 U.S.C. § 1915

The court reviews the filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual

allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). It is difficult to decipher any claims Plaintiff is attempting to make and how those claims relate to the persons he has selected as defendants.

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id*. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir.

1991).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

**Conclusion**

In this case, the Plaintiff has claimed that the State of Oklahoma has violated the Treaty of 1833 by the "theft of tribal lands from the Cherokee;" however, he completely fails to articulate a plausible claim for which any relief can be granted. The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.

IT IS THEREFORE ORDERED that Plaintiff's action is found to be frivolous and fails to state a claim upon which relief can be granted and the matter is therefore dismissed

without prejudice.   Plaintiff's motion to proceed *in forma pauperis* is denied as moot and Plaintiff's Motion to Restore and Compensate [Docket No. 5] is denied.

Dated this 20th day of May, 2022.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**